### 8425

KEENAN v. RECEIVERS OF SEABOARD AIR LINE RY.

RAILROADS.—THE INJUNCTION ORDER here complained of *held* to mean the railway is restrained from using its tracks only when used in connection with maintaining the coal chute herein abated as a nuisance.

Before SPAIN, J., Richland, February, 1912. Affirmed.

Action by George Keenan against S. Davies Warfield, R. Lancaster Williams and E. C. Duncan as receivers of Seaboard Air Line Railway. Defendants appeal.

*Messrs. Lyles & Lyles,* for appellants.

*Mr. Frank G. Tompkins,* contra.

January 29, 1913.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    This is an action by the plaintiff against the defendants as receivers of the Seaboard Air Line Railway, to abate a nuisance, to wit, the operation of a coal chute in the city of Columbia, near the dwelling of the plaintiff.    The nuisance is alleged to arise from coal dust, smoke of engines, noise, etc., occasioned by the use of the coal chute at its then location.    The jury found a verdict for the plaintiff for one dollar.    Thereupon the presiding Judge, his Honor, Judge Spain, issued an injunction against the defendants.    The coal chute has been removed, but the defendants appealed.    There are several exceptions.

It was agreed by the attorneys representing the appellants and the respondent in this Court, that this Court shall decide a single question and that is the extent of the injunction contained in Judge Spain's order.

The order provides: "It is, therefore, ordered, that the defendants, their agents, servants and all persons or corporations claiming under, or as the principals of these defendants, their agents and servants, be, and they are hereby, enjoined and restrained from doing or carrying on the acts and operations or any of them alleged in the complaint in this action, and from operating or maintaining any of the works described in the complaint whereby further injury may result to the plaintiff, his home, property, easements and privileges alleged in the complaint; and that the nuisance alleged in the complaint be forever abated and stopped, and that the prayer of the complaint craving an injunction be granted."

The appellants claim that this order might be construed to prevent the use of its tracks where the coal chute was

located for ordinary purposes other than those incident to the coal chute. The words "enjoined and restrained from doing and carrying on the acts and operations or any of them alleged in the complaint" confine the injunction to the acts alleged in the complaint. The complaint alleged that the nuisance arose from the operation of the coal chute and nothing more. The order is confined to the operation of the coal chute and as it has been removed, there is nothing upon which it can operate except a re-establishment of the coal chute. It does not bind either party to any use of its tracks unless they are connected with the coal chute.

The judgment of this Court is that the appeal be dismissed.